LEACH *v.* GRUBE.

1. MORTGAGES — BILL TO REDEEM — MORTGAGEE IN POSSESSION— EVIDENCE.

On a bill to redeem against one in possession who had taken the legal title from complainant's vendor, evidence examined, and *held*, to show that under the original arrangement complainant reserved a substantial interest in the property, and that title was taken in defendant's name as security for the purchase price advanced by him on taking the title.

2. SAME—RELIEF AWARDED.

Where complainant surrendered possession of mortgaged land upon an unauthorized promise by the mortgagee's agent to pay him a certain sum for his equity, complainant, on a bill to redeem, is not entitled to a lien for the sum promised, but defendant should have an option of discharging complainant's claim by paying the sum, or of an accounting and sale to satisfy defendant's lien, unless complainant shall redeem therefrom.

Appeal from Van Buren; Des Voignes, J. Submitted January 9, 1907. (Docket No. 13.) Decided March 5, 1907.

Bill by Bert Leach against Henry A. Grube to redeem or establish a lien on land. From a decree for complainant, defendant appeals. Modified.

*W. G. Bessey* ( *Cook & Chandler*, of counsel), for complainant.

*A. Lynn Free* and *W. W. Holmes*, for defendant.

MONTGOMERY, J. This controversy concerns a parcel of land and house in the city of South Haven. In May, 1903, the legal title to the property stood in Walter E. Trude. Elizabeth Clark held a mortgage upon the property of $500, and complainant held a contract to purchase Trude's equity at the price of $400. Complainant applied

to the defendant, Grube, for a loan to enable him to pay up the contract. Defendant, who is a brother-in-law of complainant, and who resides at West Brooklyn, Ill., came with complainant to South Haven, and, after an examination of the premises, advanced the $400, took a deed from Trude to himself, and gave back to complainant a writing in the following terms:

"SOUTH HAVEN, MICHIGAN, May 7, 1903.
"This certifies that I have this day appointed Bertie M. Leach, of Kibbie, Michigan, my agent to rent or sell property this day conveyed to me by Emma Trude and Walter Trude, located at the junction of Broadway and Phillips streets in the city of South Haven, Michigan, and I agree to ratify any contract of sale or rent made by the said Bert M. Leach for said property—in the event of sale to make a deed to the purchasers—and I further authorize the said Bert M. Leach to sign any contract of sale for said premises in my name—or I will convey said property to Bert M. Leach upon payment of $400 with interest at six per cent. from this date and other money paid out from this date for taxes, etc.

"Witness my hand and seal the day and year first above written.

"HENRY A. GRUBE. [Seal.]"

At the expiration of one year defendant obtained possession of the property; and, upon his refusal to recognize any right of complainant in the premises, this bill was filed to redeem, or to require defendant to pay to complainant $300 for his interest in the property. From a decree in favor of complainant defendant appeals.

The defendant takes the ground that the instrument above set out is merely a certificate of agency, with an option to purchase within a time fixed by oral agreement at one year. The complainant contends that the understanding was that the advance of $400 was a loan, and that the instrument given back was without limit as to time, and that neither by the writing nor by the oral agreement was time treated as of the essence of the contract. We are convinced that both parties understood that the complainant retained a valuable interest in the

property. This is evidenced by defendant's letters demanding interest upon the $400 from complainant. During the year complainant made expenditures in the way of repairs, taxes, and interest amounting to about $100. Promptly, on the expiration of one year, indeed, before a full year had expired, defendant demanded to have the contract canceled, and a little later sent an agent, Ballard, to take possession, writing to complainant in advance making a second demand for interest, and cautioning complainant against making any arrangements before seeing defendant or "his man." He had previously and before the year had expired written complainant:

"Don't get that man Gill interested again and then have me help you out again; if you do on this, I shall commence a suit on you at Paw Paw circuit court to annul said contract. Now, take warning."

The circuit judge found that, when Ballard came on, he agreed with complainant that he would take possession for defendant, and that, if complainant would surrender possession, defendant would give complainant $300 for his interest. There can be little doubt on this record that both parties understood that under the original arrangement complainant reserved a substantial interest in this property, and that the title was taken in defendant's name as security.

Upon the question of whether Ballard made the agreement to pay complainant $300 at the time of the surrender the testimony is conflicting. The circuit judge who saw the witnesses gave credence to the testimony of complainant, basing his conclusions in part upon the manner of the witness Ballard. If the question were more doubtful, we should, giving due weight to the opinion of the circuit judge, and having in view his better opportunities to determine the credibility of witnesses, still incline to accept his conclusions as to this question; but an independent examination of the testimony leads us to the same result. The testimony fails to show that Ballard had authority to promise the complainant $300. It is evident,

however, that the complainant never surrendered his rights on any other terms, and that he would but for this elusive promise have been able to redeem.

The circuit judge decreed a lien in complainant's favor of $300. This is not technically the decree to which complainant is entitled. The decree will be modified to the extent of giving the defendant an option of discharging complainant's claim by a payment of $300 and interest, or of an accounting and sale to satisfy defendant's lien, unless complainant shall redeem therefrom. Neither party will recover costs in this court.

McALVAY, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.